UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EARL F. FULLER,

                                            Plaintiff,          Case # 17-CV-6255-FPG

v.

                                                                  DECISION AND ORDER

ANTHONY ANNUCCI, et al.,

                                            Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff Earl F. Fuller brings this case against Defendants Cornwall, Beck, and the New York State Department of Corrections and Community Supervision ("DOCCS")[1] for alleged violations of his rights under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12132 *et seq.*, while he was an inmate at Groveland Correctional Facility. ECF No. 4.

On November 8, 2018, Defendant Cornwall moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) due to Plaintiff's alleged failure to exhaust his administrative remedies before filing this case. ECF No. 10. Although the Court gave Plaintiff an opportunity to respond to Defendant's motion, he has not done so.

For the reasons that follow, Defendant's Motion to Dismiss is DENIED.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations

---

[1] Attempts to serve Defendants Beck and DOCCS have been unsuccessful, and therefore they have not appeared in this case. The Court will order the United States Marshals Service to serve them again.

contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Plaintiff's failure to respond to Defendant's motion "does not by itself merit dismissal of his complaint." *Groenow v. Williams*, No. 13 CIV. 3961 PAC JLC, 2014 WL 941276, at *2 (S.D.N.Y. Mar. 11, 2014) (citing *Goldberg v. Danaher*, 599 F.3d 181, 183-84 (2d Cir. 2010)). Even though the motion is unopposed, "the Court remains obligated to review the pleadings and determine whether there is a sufficient basis for granting the motion." *Id.* Additionally, the Court reads Plaintiff's *pro se* Complaint with "special solicitude" and interprets it to raise the strongest claims it could suggest. *Id.* (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)).

## DISCUSSION

### I. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular

2

episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Before bringing a case in federal court, an inmate "must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012) (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal citation and quotation marks omitted)). New York inmates in DOCCS's custody must pursue their administrative grievances using New York's Inmate Grievance Program, which has a three-tiered process for adjudicating complaints. *Lopez v. Goodman*, No. 14-CV-6518 CJS, 2019 WL 315324, at *3 (W.D.N.Y. Jan. 24, 2019).

First, the inmate must file a grievance with the Inmate Grievance Resolution Committee ("IGRC"). *Id.* Next, the prisoner appeals the IGRC's adverse decision to the facility superintendent. *Id.* Finally, the prisoner appeals the superintendent's adverse decision to the Central Office Review Committee ("CORC"). *Id.*; *see also* 7 N.Y. Comp. Codes R. & Regs. § 701.5 (2008). Despite these requirements,

> [p]risoners are exempt from the exhaustion requirement when administrative remedies are unavailable. An administrative procedure is unavailable when (1) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) it is so opaque that it becomes, practically speaking, incapable of use; or (3) prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.

*Lopez*, 2019 WL 315324, at *4 (citing *Amaker v. Bradt*, 745 F. App'x 412, 413 (2d Cir. 2018) (summary order)).

Inmates do not have to "specially plead or demonstrate exhaustion in their complaints;" rather, "[f]ailure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading requirement." *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016)

(citing *Jones*, 549 U.S. at 216). Nonetheless, a district court can "dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement." *Id.*

> [H]owever, district courts in this Circuit have denied motions to dismiss based on exhaustion where ambiguity exists as to whether a plaintiff exhausted his administrative remedies. Where a prisoner indicates that he has taken *some* steps toward exhaustion, district courts will not normally infer from his silence as to any remaining steps that he has not fully exhausted.

*Groenow*, 2014 WL 941276, at *3 (emphasis in original) (collecting cases). Thus, when a *pro se* complaint refers "to various efforts that [the inmate] has made to bring alleged prison violations to the attention of the prison authorities," it "cannot be treated as tantamount to an admission that he had not exhausted his remedies." *Id.*

## II. Application

Plaintiff filed his lawsuit on April 24, 2017, and therefore his claims needed to be fully exhausted by that date. As to Plaintiff's ADA claim, he alleges that he "filed grievances concerning this claim" that were denied. ECF No. 4 at 9. Plaintiff submitted that grievance, dated March 21, 2017, with his Amended Complaint. *Id.* at 15-17. Plaintiff also submitted a document indicating that his grievance was denied and that he appealed to the superintendent on April 17, 2017. *Id.* at 18. It is unclear whether the superintendent rendered an unfavorable decision that Plaintiff appealed to CORC before he filed this case.

As to Plaintiff's § 1983 denial of medical care claim, he alleges that he "filed a grievance concerning this claim," which was denied. ECF No. 4 at 7. Plaintiff submitted that grievance, dated April 5, 2017, with his Amended Complaint. *Id.* at 19-20. Plaintiff also alleges that he "did file an appeal," which was denied, but he does not include supporting documents. *Id.* at 7. Thus,

4

it is not apparent whether Plaintiff appealed adverse decisions to the superintendent and CORC before he filed this case.

Based on the above, it is unclear from the face of the Complaint that Plaintiff failed to properly exhaust his administrative remedies. Although the timing in this case makes exhaustion less likely—Plaintiff appealed his first grievance to the superintendent one week before initiating this case and filed his second grievance less than three weeks before initiating this case—the Court cannot dismiss Plaintiff's claims simply because he did not plead completion of the grievance process. *See Groenow*, 2014 WL 941276, at *4 (rejecting the defendant's argument that the plaintiff's "claims should be dismissed if he does not plead completion of the grievance process" because it "would impose the very pleading burden on plaintiffs that the Supreme Court rejected in *Jones*" (citations omitted)). Moreover, if Plaintiff did fail to exhaust his administrative remedies, it is also unclear from the Complaint whether that failure can be excused by an exception to the exhaustion requirement

Accordingly, for all the reasons stated, Defendant Cornwall's affirmative defense of failure to exhaust administrative remedies cannot be resolved at this time and his Motion to Dismiss is DENIED. This denial does not preclude Defendant Cornwall from raising this argument on summary judgment.

## CONCLUSION

Defendant Cornwall's Motion to Dismiss (ECF No. 10) is DENIED.

IT IS SO ORDERED.

Dated: May 16, 2019
      Rochester, New York

                                              HON. FRANK P. GERACI, JR.
                                              Chief Judge
                                              United States District Court