UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EARL FULLER,

                        Plaintiff,

v.

COMMISSIONER ANNUCCI, *et al.*,

                       Defendants.

_____

REPORT & RECOMMENDATION

17-CV-6255-FPG-MJP

## INTRODUCTION

**Pedersen, M.J.** The district court has referred Defendants' motion to dismiss (ECF No. 37) to the undersigned for a report and recommendation. (Text Order, Aug. 24, 2020, ECF No. 39.) For the reasons stated below, the undersigned recommends that Defendants' unopposed motion to dismiss (ECF No. 37) be granted.

## BACKGROUND

On May 11, 2020, the undersigned entered an Order on Defendants' unopposed motion to compel, directing Plaintiff to provide responses to Defendants' document demands and interrogatories by June 10, 2020. In its Order, the Court included this language: "<u>Plaintiff is cautioned that failure to abide by the Court's Order may result in sanctions up to and including dismissal of the case.</u>" (Order, ECF No. 36.) On May 12, the Clerk mailed a copy of the Order to Plaintiff at the address shown on the docket in Fulton, New York. On June 26, 2020, the undersigned entered a Decision and Order granting Defendants' unopposed motion extending all discovery deadlines,

"until either Plaintiff has provided Defendant with the requested discovery materials, or until August 31, 2020, whichever is sooner." (ECF No. 38.)

On June 12, 2020, Defendants filed the pending motion seeking dismissal of the case because Plaintiff has failed to comply with this Court's orders. (ECF No. 37.) Defendants served the motion on Plaintiff at his Fulton, New York address. Local Rule of Civil Procedure 7 provides that a litigant shall have 14 days from the date of service to respond to a motion. W.D.N.Y. Loc. R. Civ. P. 7(b)(2)(B) (Jan. 1, 2020). To date, Plaintiff has neither filed a response to the Court's Order, or to Defendants' motion to dismiss.

## APPLICABLE LAW

"There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). The Federal Rules provide the Court with a basis for sanctioning a party who has not complied with a discovery order. Fed. R. Civ. P. 37(c)(1). Among the sanctions the Court may impose is "dismissing the action or proceeding in whole or in part…." Fed. R. Civ. P. 37(b)(2)(A)(v). "Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses…." *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999).

In reviewing the imposition of a sanction for failure to obey a discovery order, the Second Circuit looks at: "(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of

the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of his non-compliance." *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)

## ANALYSIS

The Court's June 10, 2020, order was clear: comply with the discovery demand, or face the possibility of dismissal of the case. Despite repeated demands by defense counsel, followed by this Court's written order, the only conclusion to draw is that Plaintiff is willfully disobeying the Court's order. The discovery sought is fundamental to the case and cannot be obtained without Plaintiff's cooperation. Lesser sanctions will have no effect in the face of Plaintiff's willful disobedience. Plaintiff has been on notice of the potential sanction for non-compliance since May, and has not communicated with the Court or counsel. In fact, Plaintiff failed to show for the Rule 16 scheduling conference before the Honorable Jonathan W. Feldman on July 3, 2019. (ECF No. 26.) He has had three months in which to comply, or seek relief from the order. Finally, he was clearly warned in the May 11, 2020, Order: "<u>Plaintiff is cautioned that failure to abide by the Court's Order may result in sanctions up to and including dismissal of the case</u>." (Order 2, ECF No. 36.) Moreover, by referring this motion for a report and recommendation, Plaintiff will now have an additional 14-day period to seek relief from the order or avoid dismissal. Should he fail to respond to this report and recommendation, the Court will be fully justified in dismissing the case.

## CONCLUSION

For all of the above reasons, the undersigned recommends that Defendants' unopposed motion seeking an Order dismissing the case be granted.

Dated: September 4, 2020
       Rochester, New York

                                                                                              MARK W. PEDERSEN
                                                                                             United States Magistrate Judge

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS**[1] to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g.*, *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

---

[1] **NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**: The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Geraci.

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

DATED: September 4, 2020
Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge