UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EARL F. FULLER,

                                  Plaintiff,        Case # 17-CV-6255-FPG
                                                                       DECISION AND ORDER

v.

ANTHONY ANNUCCI, et al.,

                                  Defendants.

## INTRODUCTION

This civil rights case comes before the Court on Magistrate Judge Mark W. Pedersen's Report and Recommendation ("R&R") recommending dismissal of this case for Plaintiff's failure to comply with Judge Pedersen's discovery order. ECF No. 40. For the reasons that follow, the Court ADOPTS the R&R, ECF No. 40, GRANTS the motion to dismiss, ECF No. 37, and DISMISSES this case.

## BACKGROUND

Plaintiff filed his complaint in this action on April 24, 2017, while he was incarcerated at Groveland Correctional Facility. ECF No. 1. On December 6, 2017, he filed an amended complaint. ECF No. 4. On March 26, 2018, after being released from prison, Plaintiff filed a notice updating his address to 159 Pinnacle Hill Road, Fulton, NY 13069. ECF No. 6. Since that time, however, Plaintiff has not appeared or filed anything in this case.

On June 3, 2019, Magistrate Judge Jonathan W. Feldman issued an order setting a scheduling conference for July 3, 2019, and mailed the order to Plaintiff at his Pinnacle Hill address. ECF No. 23. However, Plaintiff did not appear at the scheduling conference. ECF No. 26. The Court attempted to reach him by phone but was unsuccessful. *Id.* The Court issued a scheduling order setting discovery deadlines and mailed it to Plaintiff. ECF No. 27.

1

On August 14, 2019, counsel for Defendants filed and served Plaintiff with a set of document requests and interrogatories. ECF Nos. 30, 31. Plaintiff did not respond. According to defense counsel, on a subsequent meet-and-confer phone call with Plaintiff about his failure to respond, Plaintiff told defense counsel that an attorney had agreed to take his case. *See* ECF No. 37-1 at 1. However, no attorney ever appeared for Plaintiff in this case.

On February 7, 2020, Defendants filed a motion to compel based on Plaintiff's failure to respond to the discovery requests. ECF No. 34. On May 11, 2020, the Court granted Defendants' motion and gave Plaintiff until June 10, 2020 to respond. ECF No. 36. The order warned Plaintiff that "**failure to abide by the Court's Order may result in sanctions up to and including dismissal of the case.**" *Id.* at 2 (emphasis in original). That order was mailed to Plaintiff at the Pinnacle Hill address. *See* Docket Text for ECF No. 36.

On June 12, 2020, after Plaintiff failed to respond to the discovery requests, Defendants moved to dismiss the case as a sanction. ECF No. 37. The Court referred the motion to Judge Pedersen for an R&R. ECF No. 39.

On September 4, 2020, Judge Pedersen issued an R&R recommending dismissal of the case. ECF No. 40. Objections to the R&R were due September 21, 2020. *Id.* Plaintiff did not file any objections or otherwise respond to the R&R.

## LEGAL STANDARD

Generally, a court reviews portions of an R&R to which a party makes specific objections *de novo.* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). When a party does not object to the R&R, however, the court reviews it for clear error. *EEOC v. AZ Metro Distributors, LLC*, 272 F. Supp. 3d 336, 339 (E.D.N.Y. 2017). "When performing such a clear error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 686 (N.D.N.Y. 2015) (internal quotation marks omitted). After conducting the appropriate review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Federal Rule of Civil Procedure 37(b)(2)(A)(v) authorizes a court to dismiss an action as a sanction for failure to obey a discovery order. *Id.* at 2. "A district court has wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37, and its ruling will be reversed only if it constitutes an abuse of discretion." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006). Dismissal of a lawsuit "is within the court's discretion" and "is appropriate if there is a showing of willfulness, bad faith, or fault on the part of the sanctioned party." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). In exercising its discretion, courts look to various factors, "including (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of his non-compliance." *Nieves v. City of N.Y.*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002). "However, because dismissal is a 'drastic remedy,' it 'should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions.'" *Id.* (quoting *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc*., 845 F.2d 1172, 1176 (2d Cir. 1988)).

Judge Pedersen considered the relevant factors in recommending dismissal of Plaintiff's case. He noted that Plaintiff appeared to be willfully disobeying court orders by consistently ignoring them and counsel's discovery demands. ECF No. 40 at 3. He concluded that lesser sanctions would have no effect, because the discovery sought is fundamental to the case and cannot

3

be obtained without Plaintiff's cooperation.  *Id.*  And he explained that Plaintiff has been on notice of the potential for dismissal since May, when Judge Pedersen issued his order warning Plaintiff that failure to comply with his order could result in dismissal.  *Id.*  Moreover, as Judge Pedersen pointed out, his R&R offered Plaintiff another chance to seek relief from the discovery order and avoid dismissal, but Plaintiff has not responded to it.  In fact, Plaintiff has not appeared or filed anything in this case for over two years.  Accordingly, the Court finds no error in Judge Pedersen's recommendation to dismiss this case.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Pedersen's R&R, ECF No. 40 in full.  Defendants' motion to dismiss, ECF No. 37, is GRANTED, and this case is DISMISSED.  The Clerk of Court is directed to enter judgment for the Defendants and close this case.

IT IS SO ORDERED.

Dated: September 28, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court